UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

De'Amontae Manning,                                 Case No. 3:25-cv-02615

            Plaintiff

       v.                                                  ORDER OF DISMISSAL

Corrections Officer Tristin Pruitt,

            Defendant

*Pro se* Plaintiff De'Amontae Manning, a state prisoner incarcerated in the Toledo Correctional Institution, has filed a prisoner civil rights complaint in this case seeking damages for his claim that on March 26, 2025, Defendant Corrections Officer Tristin Pruitt denied Manning appropriate religious meals during Ramadan. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2).

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

The three-strikes provision outlined in 28 U.S.C. § 1915(g) will not apply if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the Complaint.  *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing.").  Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger).

Manning is a frequent filer in federal court and has, on at least three prior occasions while incarcerated, filed actions or appeals in federal court that were dismissed on grounds they were frivolous, malicious, or failed to state a claim upon which he may be granted relief.  *See e.g.*, *Manning v. Henderson*, No. 4:24-cv-795 (N.D. Ohio dismissed July 19, 2024); *Manning v. Henderson*, No. 3:24-cv559 (N.D. Ohio dismissed Sept. 26, 2025); *Manning v. Ellis*, No. 3:24-cv-1170 (N.D. Ohio dismissed Sept. 18, 2024).

Here, Manning does not assert allegations from which I reasonably conclude that he was in imminent danger of serious physical injury at the time he filed his complaint in this case in December 2025.  Rather, the allegations in his complaint indicate that he was denied religious meals in March 2025 – nearly nine months before he filed this case.  (Doc. No. 1 at 3).

Accordingly, Manning's application to proceed *in forma pauperis* is denied, (Doc. No. 2), and this action is dismissed pursuant to 28 U.S.C. § 1915(g).  If Manning wishes to proceed with this case, he must pay the full filing fee of $405 and file a Motion to Re-Open within thirty (30) days of

2

this Order. The Clerk's Office is directed not to accept a Motion to Re-Open unless it is accompanied by the full filing fee. No other documents will be accepted for filing unless the entire filing fee is paid and the Motion to Re-Open is granted.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge